THE STATE, EX REL. S. H. SORNBORGER, PLAINTIFF IN
ERROR, v. J. B. WAIT, CORONER OF ANTELOPE
COUNTY, DEFENDANT IN ERROR.

Replevin: SUFFICIENCY OF UNDERTAKING. A coroner, sheriff,
or constable having served an order of replevin of personal prop-
erty, under the provisions of chapter XI. of title XXX. of the
civil code, is not bound to receive or accept as sufficient an un-
dertaking as provided for by section 1037 of said code, unless
the same is executed by one or more sufficient sureties who are
residents of the county in which the action is pending.

ERROR to the district court for Antelope county. Tried
below before TIFFANY, J.

. Bell & Sornborger, for plaintiff in error.

Jackson & Jones, for defendant in error.

COBB, J.

The plaintiff in error applied to the Hon. F. B. Tiffany,
judge of the district court of Antelope county, for a writ
of mandamus to J. B. Wait, coroner of said county, com-
manding him to forthwith return certain goods and chat-
tels to the plaintiff; "that if the same is not in his possession
that he forthwith repossess himself of the same wherever
the same may be found and return the same to the relator,"
or that he appear before the said judge at Ainsworth,
in Brown county, on the 12th day of May, 1885, at 10
o'clock in the forenoon, to show cause why he refuses so
to do.

The respondent filed in the district court of Antelope
county, as a return to said alternative mandamus, an an-
swer, setting up several defenses to a peremptory manda-
mus. The cause came on to trial before the said judge at
the May term of said court for Antelope county, and upon

such trial the said court found that the writ ought to be denied, and thereupon adjudged that the peremptory writ be denied. The cause is brought to this court on error by the relator, and the denial of such peremptory writ is assigned as error.

It appears from the bill of exceptions that the respondent is the coroner of Antelope county; that an order of replevin was issued by a justice of the peace of said county in an action wherein the relator—plaintiff in error herein —was plaintiff, and M. B. Huffman, sheriff of said county, and others, were defendants. The chattels described in said order of replevin were seized by the said coroner. An undertaking in replevin was presented by said plaintiff to said coroner, which undertaking was signed by said plaintiff as principal, and certain citizens and residents of Saunders county as sureties. The said recognizance was objected to by the defendants in said action, and thereupon the said coroner refused to approve it. Thereupon the plaintiff took the recognizance away, and the coroner returned the property to the defendants.

It appears to be conceded that the three principal sureties to the recognizance, and whose responsibility is insisted upon, were not at any time before the said coroner, or at all in Antelope county, but had signed the recognizance in blank, some time previously, at their homes in Saunders county, and delivered the same to the plaintiff to be filled up by him and used as occasion might require. After the refusal of the coroner to approve the undertaking, or bond, as it is called in the testimony, plaintiff caused a notice to be served on Mr. Jackson, attorney for defendants, that the sureties, W. H. Dickenson, John Steen, and H. H. Dorsey, would, on the 25th day of April, 1885, at 4 o'clock in the afternoon, justify as sureties on said recognizance before Hon. Geo. I. Wright, county judge of Saunders county; that on the day and at the hour above named, the said sureties appeared before said county judge

and duly justified; that on the 27th day of April said recognizance, duly justified as aforesaid, was filed with the justice of the peace who issued said order of replevin, and thereupon the said plaintiff notified said coroner that said sureties had justified, and that said recognizance had been filed with said justice, and demanded the said replevied chattels of the coroner, which he having already returned to one of the defendants, was refused.

There are several questions raised by the answer of the respondent, and discussed in the brief of relator—plaintiff in error. But we think the case turns upon a question, or rather two questions, not specifically discussed in the brief, to-wit: Whether it was obligatory upon, or even permissible to, the coroner to accept as security in the recognizance, persons not citizens of, nor residents in, the county; and second, were the defendants bound by a notice that the sureties would appear before an officer of another county, at a place in such other county, for the purpose of justifying as to their responsibility?

While it may be admitted that there is no provision of statute directly bearing on either of these points, yet I think they must both be answered in the negative.

Proceedings for the replevin of property in justices' courts are provided for by chapter XI. of title XXX. of the Civil Code. Section 1037 of said chapter provides that, "the officer shall not deliver to the plaintiff, his agent, or attorney, the property so taken until there has been executed by one or more sufficient sureties of the plaintiff, a written undertaking to the defendant, in at least double the value of the property taken, but in no case less than fifty dollars, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him."

Section 1040 provides that, "If the undertaking required by section one thousand and thirty-seven be not given within twenty-four hours from the taking of the property

under said order, the officer shall return the property to the defendant. And if the officer deliver any property so taken to the plaintiff, his agent, or attorney, or keep the same from the defendant without taking such security within the time aforesaid, or if he take insufficient security, he shall be liable to the defendant in damages."

There is no provision in this chapter for notice by the defendant to the officer that he excepts to the sufficiency of the security, or for the justifying of such security. But for the purposes of this case it may be conceded that in the absence of such provisions, expressly applicable to cases in justices' courts, that chapter 1 of title VIII. may be invoked for such purpose.

Section 189 provides that when the defendant excepts, the sureties must justify upon notice as bail on arrest. The provisions for arrest and bail are now repealed, but may be found in chapter 1, title VIII., Comp. Stats. of 1885.

Section 164 of that chapter provided that bail might be given by the defendant on his arrest, or at any time afterwards before judgment, by causing one or more sufficient bail to execute a written undertaking to the plaintiff, in the presence of the sheriff, to the effect that, if judgment "shall be rendered in the action against the defendant he will render himself amenable to the process of the court thereon," etc., and section 165 provided that, "the plaintiff or his attorney may object to the bail for insufficiency, at any time within ten days after the undertaking of the bail has been given; within such time he shall serve upon the sheriff a written notice that he does not accept the bail, or he shall be deemed to have accepted it, and the sheriff shall be exonerated from liability. When the undertaking is given after the return of the order of arrest, the plaintiff shall have notice thereof."

Section 166 provided that, "On the receipt of such notice the sheriff or defendant may, within ten days thereafter,

give to the plaintiff, or his attorney, notice, in writing, of the justification of the same or other bail, before a judge, or clerk of the court in which the action is brought, a probate judge, or justice of the peace, at a specified time and place; the time to be not less than five nor more than ten days thereafter," etc.

It is worthy of notice that by a provision of this chapter an order of arrest could be issued only to the county in which the action was brought; also that the provisions for exceptions and justification apply only to cases where the sheriff had already accepted the bail, and not for the purpose of compelling him to accept it, and the effect of a failure of the bail to justify, after exception thereto by the plaintiff, was to render the sheriff liable as bail.    We have seen that by the provisions of section 164 the undertaking must be executed in the presence of the sheriff, necessarily in his own county, as by section 158 the order of arrest could only run to the county in which the action was brought; and so while there is an option of several different officers before whom the justification could be made, it logically follows that it, as well as the other proceedings in the case, must be confined to the county in which the proceedings were pending.    If this is a correct construction of the law applicable to proceedings upon a writ issued out of a court of general jurisdiction, can it be enlarged and extended when it is sought by construction to apply it to process issued out of a court of limited jurisdiction?    Obviously not.    In no event do the provisions of the statute apply to justification by securities on an undertaking until after the undertaking has been accepted by the officer whose duty it is to take it, and approve the securities, and I do not think that such officer is bound, or even permitted, to accept as securities persons not residents of the county in which the proceedings are pending, and hence not within the jurisdiction of the court issuing the process, in case of further proceedings to enforce their liability.

It therefore not being the official duty of the respondent, under the facts and circumstances ·of the case, to accept and approve the recognizance and deliver the property to the relator, it was not error on the part of the district court to refuse a peremptory mandamus. The judgment of the district court is accordingly affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.